UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

**JESSICA LYNN LAWRENCE**  MOVANT/DEFENDANT

v.  CRIMINAL ACTION NO. 3:01-CR-54-TBR

**UNITED STATES OF AMERICA**  RESPONDENT/PLAINTIFF

### MEMORANDUM OPINION

Before the Court is Movant Jessica Lynn Lawrence's *pro se* motion to vacate, set aside, or correct her sentence under 28 U.S.C. § 2255 (DN 64). The United States has responded to the motion (DN 73), and Movant has replied (DN 77). The § 2255 motion is currently before the Court for preliminary review pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts.

**I.**

Movant is currently serving a 20-year state sentence. She states that her state time will be complete on November 3, 2020 (DN 64, p. 5). On March 5, 2015, the United States Marshal filed a detainer informing the Western Kentucky Correctional Complex that Movant is subject to a federal sentence upon her release. In the present criminal case, Movant was sentenced on July 23, 2003, to 36 months of imprisonment and 36 months of supervised release (DN 29). Movant's supervised release was revoked by Order entered April 15, 2004, and she was sentenced to 24 months of imprisonment (DNs 42 & 43). In a separate criminal action against Movant in the Western District of Kentucky, Case No. 3:04-CR-29-C-2, a Judgment and Commitment Order was entered on December 21, 2004. *See* Case No. 3:04-CR-29-C-2, DN 51. In that case, Movant was sentenced to 84 months of imprisonment and 36 months of supervised release. That judgment was later amended to direct that it be served concurrently with Movant's

state court sentence. *See* Case No. 3:04-CR-29-C-2, DN 60. In her present § 2255 motion, Movant asks the Court as follows: "Please allow me to have the 24 months [run] together with the 36 month[s] probation for a total of 60 months probation or . . . dismiss the 24 months violation probation, to just [serve] the 36 months probation" (DN 64, p. 5).

**II.**

Section 2255 provides for a one-year limitations period, which shall run from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Movant's Judgment and Commitment in the present action revoking her supervised release and sentencing her to 24 months of imprisonment was entered on April 15, 2004 (DN 43). No appeal was filed. Under § 2255(f)(1), the one-year limitations period, therefore, began running on April 29, 2004,[1] and expired one year later on April 29, 2005. Because Movant did not file her § 2255 motion until May 26, 2016,[2] the motion is time-barred under § 2255(f)(1).

---

[1] At the time Movant was sentenced, the appeal period was 10 days, Fed. R. App. P. 4(b) (eff. Dec. 1, 1993), and intermediate weekends and legal holidays were not counted in the computation. Fed. R. App. P. 26(a)(2) (eff. Dec. 1, 2002).

[2] Under the mailbox rule, a document is deemed filed with a court on the date that it is deposited in the prison mail system for mailing. *See, e.g., Houston v. Lack*, 487 U.S. 266, 270 (1988) (holding that a *pro se* prisoner's notice of

2

Because § 2255's one-year statute of limitations is not jurisdictional, it is subject to equitable tolling. *Jefferson v. United States*, 730 F.3d 537, 549 (6th Cir. 2013). "Equitable tolling is used sparingly and 'only if two requirements are met. First, the [movant] must establish that he has been pursuing his rights diligently. And second, the [movant] must show that some extraordinary circumstance stood in his way and prevented timely filing.'" *Jones v. United States*, 689 F.3d 621, 627 (6th Cir. 2012) (quoting *Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 749 (6th Cir. 2011)). Movant has the burden of persuading the Court that she is entitled to equitable tolling. *Del Bosque v. United States*, 169 F. App'x 934, 936 (6th Cir. 2006); *Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002).

Movant fails to set forth any facts to show that she was pursuing her rights diligently. She does not provide the Court with any efforts she made to pursue her case between the time of the judgment revoking her supervised release on April 15, 2004, until May 26, 2016, when she filed her § 2255 motion. Movant's failure to establish that she has been pursuing her rights diligently is reason enough to preclude equitable tolling. *See Williams v. Warden, Chillicothe Corr. Inst.*, No. 1:11-CV-448, 2012 WL 1658877, at *5 (S.D. Ohio May 11, 2012) (where the court recognized that both reasonable diligence and extraordinary circumstances are required to support equitable tolling).

However, Movant also fails to show extraordinary circumstances prevented her timely filing. Movant's arguments that she "is a layperson and was not informed by counsel that she needed to file an appeal," that she was "not aware of any statute of limitations," and that she has

---

appeal on habeas corpus review is deemed filed on the date that it is turned over to prison officials for transmittal to the court); *Towns v. United States*, 190 F.3d 468, 469 (6th Cir. 1999) (applying the mailbox rule to § 2255 actions). Movant certified that her § 2255 motion was delivered to the prison mail system for mailing on May 26, 2016 (DN 64, p. 14).

"not had the means to complete any material for the Court" are unavailing. *See Griffin v. Rogers*, 399 F.3d 626, 637 (6th Cir. 2005) (recognizing that ignorance of the law alone does not warrant equitable tolling); *Price v. Jamrog*, 79 F. App'x 110, 112 (6th Cir. 2003) (recognizing that "ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing") (quoting *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999)); *Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991) (concluding that, "while *pro se* litigants may be entitled to some latitude when dealing with sophisticated legal issues . . ., there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer"); *Nhan Hoang Le v. Harrington*, No. SACV 10-1825-ODW (MAN), 2011 WL 3812619, at *6 (C.D. Cal. July 20, 2011) ("[A] lack of legal training and financial resources, unfortunately, tend to be constant, unchanging facts of life for most prisoners, a finding that these circumstances are 'extraordinary,' in spite of their pervasiveness, would create the potential for endless tolling . . . ."). Therefore, the Court concludes that this action is barred by the statute of limitations. Accordingly, for this reason, the § 2255 motion will be denied, and this action will be dismissed.

> Further, 28 U.S.C. § 2255 states as follows:
>
> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

Movant fails to raise any constitutional, statutory, jurisdictional or other grounds upon which she claims her sentence was wrongly imposed. Movant places herself "at the mercy of this Honorable Court" and requests that the Court "have the 24 months [run] together with the 36

month[s] probation for a total of 60 months probation or . . . dismiss the 24 months violation probation, to just [serve] the 36 months probation" (DN 64, p. 5). She states that she has "spent 12 years changing [her] life," and "accepting responsibility for [her] actions and behaviors" (DN 77-1, p. 1). Movant requests the Court to "look at the fact that [she has] changed [her] life, and that [she has] worked hard at doing so" (DN 77-1, p.1). The request for mercy by Movant is not a sufficient basis upon which to grant a motion to vacate, set aside, or correct her sentence under 28 U.S.C. § 2255. Therefore, the motion will be denied on this basis as well.

Accordingly, the Court concludes that this action is untimely and fails to allege any basis upon which Movant's sentence is subject to collateral attack. The § 2255 motion will be denied, and this action will be dismissed.

### III. CERTIFICATE OF APPEALABILITY

Before Movant may appeal this Court's decision, a certificate of appealability must issue. 28 U.S.C. § 2253(c)(1)(B); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483 (2000). When a district court denies such a motion on procedural grounds without addressing the merits of the petition, a certificate of appealability should issue if the movant shows "that jurists of reason would find it debatable whether the [motion] states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. at 484. If the motion was denied on procedural grounds, both showings must be made before a certificate of appealability should issue and the matter be heard on appeal. *Id*. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district

court erred in dismissing the [motion] or that the [movant] should be allowed to proceed further." *Id.* In such a case, no appeal is warranted. *Id.*

The Court is satisfied in the instant case that no jurists of reason could find its ruling to be debatable. A certificate of appealability must, therefore, be denied.

The Court will enter an Order consistent with this Memorandum Opinion.

Date:


cc:     Movant, *pro se*
        United States Attorney, WDKY
4413.003