UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CRIMINAL ACTION NO. 3:01-CR-00054-TBR

JESSICA LYNN LAWRENCE                                          MOVANT/DEFENDANT

v.

UNITED STATES OF AMERICA                                       RESPONDENT/PLAINTIFF

**MEMORANDUM OPINION AND ORDER**

This matter arises before the Court upon *pro se* Defendant Jessica Lynn Lawrence's Motion for Compassionate Release pursuant to 18 U.S.C. 3582(c)(1)(A)(i). [DN 81]. The United States responded. [DN 85]. Defendant failed to timely reply. As such, this matter is ripe for adjudication. For the reasons stated below, Lawrence's Motion for Compassionate Release is **DENIED**.

I. Background

Movant is currently serving a 20-year state sentence. On March 5, 2015, the United States Marshal filed a detainer informing the Western Kentucky Correctional Complex that Movant is subject to a federal sentence upon her release. In the present criminal case, Movant was sentenced on July 23, 2003, to 36 months of imprisonment and 36 months of supervised release. [DN 29]. Movant's supervised release was revoked by Order entered April 15, 2004, and she was sentenced to 24 months of imprisonment. [DN 42; DN 43]. In a separate criminal action against Movant in the Western District of Kentucky, Case No. 3:04-CR-29-C-2, a Judgment and Commitment Order was entered on December 21, 2004. *See* Case No. 3:04-CR-29-C-2, DN 51. In that case, Movant was sentenced to 84 months of imprisonment and 36 months of supervised release. That judgment was later amended to direct that it be served concurrently with Movant's state court sentence. *See* Case No. 3:04-CR-29-C-2, DN 60. Lawrence filed a 26 U.S.C. § 2255 motion with the Court

1

requesting the Court "have the 24 months [run] together with the 36 month[s] probation for a total of 60 months probation or . . . dismiss the 24 months violation probation, to just [serve] the 36 months probation." [DN 64]. The Court denied the motion as untimely and for failing "to allege any basis upon which Movant's sentence is subject to collateral attack." [DN 78]. Lawrence now asks the Court for compassionate release pursuant to 18 U.S.C. 3582(c)(1)(A)(i). [DN 81].

## II.     Legal Standard

The compassionate release statute allows the Court to reduce the term of imprisonment and impose a term of probation or supervised release under certain narrow circumstances. Section 3852(c) provides that:

"The court may not modify a term of imprisonment once it has been imposed except that-

(1) In any case—

(A) *the court*, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier *may reduce the term of imprisonment* (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), *after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—*

(i)     extraordinary and compelling reasons warrant such a reduction ..."

18 U.S.C.A. § 3582(c)(1)(A) (emphasis added). "The First Step Act modified the statute concerning the compassionate release of federal prisoners, 18 U.S.C. § 3852, such that district courts may entertain motions filed by incarcerated defendants seeking to reduce their sentences." *United States of America v. D-1 Duwane Hayes*, No. 16-20491, 2020 WL 7767946, at *1 (E.D.

Mich. Dec. 30, 2020) (citing *United States v. Jones*, 980 F.3d 1098, 1100 (6th Cir. 2020)). "Now, an imprisoned person may file a motion for compassionate release after (1) exhausting the BOP's administrative process; or (2) thirty days after the warden received the compassionate release request—whichever is earlier." *Jones*, 980 F.3d at 1105 (citing First Step Act of 2018, Pub. L. 115-391, Title VI, § 603(b), 132 Stat. 5194, 5239; 18 U.S.C. § 3582(c)(1)(A) (2020)).

Upon satisfying the exhaustion requirement (or upon waiver by the government of this requirement), 18 U.S.C. § 3582(c)(1)(A) requires the Court to engage in a "three-step inquiry" in reviewing compassionate release motions. *United States v. Elias*, 984 F.3d 516, 518 (6th Cir. Jan. 6, 2021) (citing *Jones*, 980 F.3d at 1101). First, "the court must 'find' that 'extraordinary and compelling reasons warrant a sentence reduction.'" *Id.* (citing *Jones*, 980 F.3d at 1101). Second, the court must "ensure 'that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.'" *Id.* (citing *Jones*, 980 F.3d at 1101). Although the Sentencing Commission's policy statement on reductions in terms of imprisonment under 18 U.S.C. § 3582(c)(1)(A) is recited at U.S.S.G. § 1B1.13, "the Commission has not updated § 1B1.13 since the First Step Act's passage in December 2018 ... [and] the policy statement does not wholly survive the First Step Act's promulgation." *Jones*, 980 F.3d at 1109 (citing U.S.S.G. § 1B1.13 (U.S. Sent'g Comm'n 2018)).

Consequently, the Sixth Circuit in *Jones* decided that "[u]ntil the Sentencing Commission updates § 1B1.13 to reflect the First Step Act, U.S. Sentencing Guideline § 1B1.13 is no longer an 'applicable' policy statement in cases where an incarcerated person, as opposed to the Director of the Bureau of Prisons, files his or her own compassionate release motion in district court. *Jones*, 980 F.3d at 1109. Accordingly, district courts "may skip step two of the § 3582(c)(1)(A) inquiry" and have "full discretion ... to determine whether an 'extraordinary and compelling' reason

justifies compassionate release when an imprisoned person files a § 3582(c)(1)(A) motion." *Id.* at 1109, 1111. Thus, for now, district courts need not ensure that their ideas of extraordinary and compelling reasons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A) are consistent with the Sentencing Commission's idea of extraordinary and compelling reasons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A) as currently reflected at U.S.S.G. § 1B1.13.

Despite the Sixth Circuit's holding in *Jones*, this Court agrees with the United States District Court for the Eastern District of Kentucky in stating that "[w]hile the policy statement found in U.S.S.G. § 1B.13 of the Sentencing Guidelines is not binding, it provides a useful starting point to determine whether extraordinary and compelling reasons exist." *United States v. Muncy*, No. 6: 07-090-DCR, 2020 WL 7774903, at *1 (E.D. Ky. Dec. 30, 2020). Congress provided no statutory definition of "extraordinary and compelling reasons" in section 3582(c)(1)(A). *United States v. Ruffin*, 978 F.3d 1000, 1004 (6th Cir. 2020). Instead, Congress directed the United States Sentencing Commission to "describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." *United States v. Adkins*, No. 5:18-058-DCR, 2020 WL 7755629, at *1 (E.D. Ky. Dec. 29, 2020) (quoting 28 U.S.C. § 994(t)). Those descriptions are found in § 1B1.13 of the United States Sentencing Guidelines (policy statement) and the application notes to that section.

This policy statement describes four categories of extraordinary and compelling reasons. The first three relate to an inmate's serious medical conditions, age, and status as a caregiver. U.S.S.G. § 1B1.13, cmt. n.1(A)–(C). Specific medical conditions of a defendant constituting extraordinary and compelling reasons for a reduction in terms of imprisonment may include "terminal illness," "a serious physical or medical condition," "a serious functional or cognitive impairment," or "deteriorating physical or mental health because of the aging process." *Id.* The

application note to U.S.S.G. § 1B1.13 further provides that the age of a defendant may be a necessary and compelling reason for a reduction in terms of imprisonment when "[t]he defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less." *Id.* The only family circumstances listed that might result in an extraordinary and compelling reason are "(i) [t]he death or incapacitation of the caregiver of the defendant's minor child or minor children; [or] (ii) [t]he incapacitation or the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner." *Id.* The last category is a catch-all provision titled "Other Reasons," which reads: "As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)." Id. § 1B1.13, cmt. n.1(D).

After considering whether extraordinary and compelling reasons warrant a sentence reduction, the district court proceeds to the final step of the analysis. If a sentence reduction is warranted under steps one and two, at step three, the court is to consider whether that reduction is defensible under the circumstances of the case by considering all relevant sentencing factors set forth in 18 U.S.C. § 3553(a). 18 U.S.C. § 3582(c)(1)(A); *Elias*, 984 F.3d at 518 (citing *Jones*, 980 F.3d at 1101, 1108). Additionally, "district courts may deny compassionate-release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others." *Elias*, 984 F.3d at 519.

### III. Discussion

#### A. Exhaustion of Administrative Remedies

"Federal law has long authorized courts to reduce the sentences of federal prisoners facing extraordinary health conditions and other serious hardships, but only under very limited circumstances." *United States v. Beck*, 425 F.Supp.3d. 573, No. 1:13-CR-186-6, 2019 WL 2716505, at *4 (M.D.N.C. June 28, 2019). Under the First Step Act, courts are now permitted to "consider motions by defendants for compassionate release without a motion" by the BOP Director "so long as the defendant has asked the Director to bring such a motion and the Director fails to or refuses." *United States v. Marshall*, No. 3:19-CR-00004-JHM, 2020 WL 114437, at *1 (W.D. Ky. Jan. 9, 2020).

Here, the Court held that Lawrence had exhausted her administrative remedies because at the time of filing she was incarcerated in the Oldham County Detention Center (OCDC) with no warden to petition for compassionate release. [DN 82]. The Government does not dispute that the exhaustion requirement is satisfied. [DN 85]. Accordingly, the Court finds that Defendant has properly exhausted his administrative remedies under the First Step Act.

#### B. Extraordinary and Compelling Reasons

Because Lawrence has exhausted her administrative remedies, the Court now considers whether there are "extraordinary and compelling reasons" that justify a reduction of her sentence. "[D]istrict courts have discretion to define 'extraordinary and compelling' on their own initiative." *Elias*, 984 F.3d at 519–20. But "the mere fact that defining *extraordinary and compelling* 'is left to the district court's discretion . . . does not mean that no legal standard governs that discretion.'" *United States v. Hunter*, 12 F.4th 555, 562 (6th Cir. 2021) (quoting *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 139 (2005)). Those words still have their ordinary meaning. *Id.* When

6

Congress enacted the statute in 1984, "'extraordinary' was understood to mean 'most unusual,' 'far from common,' and 'having little or no precedent.'" *Id.* (citing Webster's Third New International Dictionary: Unabridged 807 (1971)). And "'[c]ompelling' meant 'forcing, impelling, driving.'" *Id.* (citing Webster's Third New International Dictionary at 463).

In support of her request for compassionate release, Movant argues that (1) the letter she received from United States Probation Office and (2) rehabilitation together constitute an extraordinary and compelling justification for relief. [DN 81]. Upon review, the Court finds that Defendant has failed to establish an extraordinary and compelling reason warranting her release under 18 U.S.C. § 3582(c)(1)(A).

Unfortunately, Lawrence received a letter from the United States Probation Office on September 23, 2020, mistakenly stating that she had satisfied her present 24-month sentence. [DN 85-1]. The Probation Officer sent a second letter to Lawrence, dated October 29, 2020, apologizing for his mistake, and clarifying that Movant's 24-month imprisonment in the federal system would begin after discharge from the Kentucky Department of Corrections. On July 15, 2021, Lawrence was moved to FCI Tallahassee. The Court acknowledges the frustration and confusion created by this mistake, but as the government stated in its response, "the error by Probation could be considered 'uncommon', but Ms. Lawrence simply cannot show 'irreparable harm or injustice' by service of her lawfully imposed federal sentence." [DN 85]. As such, the Court does not find that the misinformation received from the United States Probation Office as an extraordinary or compelling justification for release.

Defendant also argues that she "has served the last 17 years" and "has been rehabilitated." [DN 81]. In support of this argument, Lawrence informed the Court that she earned her "GED and a college diploma in business management among many other certifications" while incarcerated.

*Id.* Lawrence has shown a desire to improve herself in preparation for release. The Court acknowledges these efforts and commends her drive to pursue higher education. That is an impressive feat. However, "rehabilitation is specifically excluded as an independent basis for compassionate release." *United States v. Wieber*, 2020 WL 1492907 *3 (W.D. Ky. March 27, 2020). Again, the Court applauds the actions Lawrence has taken, but because she was unable to show an extraordinary and compelling reason for release this motion must be denied.

### C. 18 U.S.C. § 3553(a) Factors

Considering the totality of Movant's circumstances, Movant's compassionate release under 18 U.S.C. § 3582(c)(1)(A) is not warranted. Nonetheless, even though the Court has found that Lawrence is not entitled to compassionate release, the Court will weigh the sentencing factors in § 3553(a). *United States v. Willis*, 382 F.Supp.3d 1185, 1188 (D.N.M. 2019). Pursuant to § 3553(a), a court imposing a sentence shall consider:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> 
> (2) the need for the sentence imposed--
> 
>> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>> 
>> (B) to afford adequate deterrence to criminal conduct;
>> 
>> (C) to protect the public from further crimes of the defendant; and
>> 
>> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
> 
> (3) the kinds of sentences available;
> 
> (4) the kinds of sentence and the sentencing range established for [the applicable offense category as set forth in the guidelines];
> 
> (5) any pertinent policy statement ... by the Sentencing Commission;

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

In consideration of the sentencing factors set forth in 18 U.S.C. § 3553(a), the Court finds that compassionate release is not appropriate in this case. The "nature and circumstances of the offense" do not favor early release. *See* 18 U.S.C. § 3553(a)(1). Lawrence was involved in a bank robbery resulting in murder. [DN 52]. Defendant was also convicted of possessing a sawed-off shotgun and for being a felon in possession of a firearm. *See* 3:04CR-29-02-C DN 60. Additionally, these convictions were not her first criminal offense. [DN 52]. Her criminal history calculation was the highest possible category VI. *Id.* Lawrence's criminal history contains multiple convictions including violent assaults, threats of violence, drug possession, and robbery. *Id.* This extensive history, as well as multiple failures to abide by the orders of the court, do not warrant release. Additionally, the Court finds that releasing Defendant early would minimize the seriousness of her crimes, fail to afford adequate deterrence to criminal conduct, and would be unjust in light of the serious nature of her crimes. The factors set forth in § 3553(a), to the extent that they are applicable, do not warrant the requested reduction of Lawrence's sentence. As such, Movant's motion for compassionate release is denied.

### IV. Conclusion

For the above reasons, **IT IS HEREBY ORDERED** that Lawrence's Motion for Compassionate Release [DN 81] is **DENIED**.

**IT IS SO ORDERED**.

*Thomas B. Russell*

Thomas B. Russell, Senior Judge
United States District Court

November 8, 2021

cc: counsel

Jessica Lawrence, *pro se*
52215-019
FCI Tallahassee
FEDERAL CORRECTIONAL INSTITUTION
P.O. BOX 5000
TALLAHASSEE, FL  32314